Citation Nr: 1743996 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 16-52 481 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a left eye disability.

2. Entitlement to compensation pursuant to 38 U.S.C.A. § 1151 for a left eye disability.


REPRESENTATION

Veteran represented by: Joseph E. Winston, Esq.


ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel



INTRODUCTION

The Veteran served on active duty from April 1963 to April 1965. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2015 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of entitlement to compensation pursuant to 38 U.S.C.A. § 1151 for a left eye disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran has not raised any specific error of fact or law relating to the claim of entitlement to service connection for a left eye disability. 


CONCLUSION OF LAW

The criteria for the dismissal of the appeal of entitlement to service connection for a left eye disability have been met. 38 U.S.C.A. § 7105(d)(5) (West 2014); 38 C.F.R. § 20.202 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. 

In May 2014, the Veteran filed a claim for the loss of his left eye, which he contends is a result of VA referral to Hamilton Eye Institute. A review of the pleadings indicates that the Veteran's claim for a left eye disability is based on 38 U.S.C.A. § 1151 and that he has made no specific arguments addressing service connection for a left eye disability. He contends that his left eye disability is a result of a VA referral and not that it was incurred in or is etiologically related to his military service. As such, there are no allegations of error of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal of this claim, and it is dismissed.

ORDER

The appeal of entitlement to service connection for a left eye disability is dismissed.


REMAND

As noted above, the Veteran has filed a claim for compensation pursuant to 38 U.S.C.A. § 1151 for a left eye disability. However, the AOJ's February 2015 rating decision and April 2016 Statement of the Case (SOC) only addressed entitlement to service connection for a left eye disability. In March 2017, the AOJ issued a separate rating decision, which denied the Veteran's §1151 claim, and he filed a Notice of Disagreement (NOD) in May 2017. Because the NOD with respect to this issue remains unprocessed, a remand is necessary for issuance of an SOC. See Manlincon v. West, 12 Vet. App 238, 240-241 (1999).

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should issue an SOC addressing entitlement to compensation pursuant to 38 U.S.C.A. § 1151 for a left eye disability. 

2. Thereafter, the Veteran should be given an opportunity to perfect an appeal by submitting a timely Substantive Appeal in response thereto. The AOJ should advise the appellant that the claims file will not be returned to the Board for appellate consideration of this particular issue following the issuance of the SOC unless he perfects the appeal.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
DONNIE R. HACHEY
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs